### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLARD DEAN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-08-486-R |
| | ) |
| JOHN WHETSEL, Sheriff, al., | ) |
| | ) |
| Respondent. | ) |

### ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On September 4, 2008, Judge Argo issued a Report and Recommendation, wherein he recommended that the Respondent's motion to dismiss be granted. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

As noted by Judge Argo, Petitioner is currently awaiting a jury trial in the District Court of Oklahoma County for purposes of sentencing, following a prior trial, conviction and appeal to the Oklahoma Court of Criminal Appeals. On direct appeal, the Oklahoma Court of Criminal Appeals ordered that the case be remanded to the trial court with directions to enter a judgment of conviction against Petitioner for soliciting a minor for child pornography, which it concluded was a lesser included offense of making lewd or indecent proposals to a child under sixteen, the charge for which Petitioner was originally convicted by the jury.

Petitioner's sentencing jury trial is scheduled for January 2009. Respondent asserts that this Court cannot intervene in the ongoing state court proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Judge Argo agreed, and Petitioner's objects, giving rise to *de novo* review.

Judge Argo concluded that abstention pursuant to *Younger* is appropriate because the ongoing state criminal proceedings implicate an important state interest and offer an adequate forum for the presentation of Petitioner's federal claims. *See Younger*, 401 U.S. at 43. Petitioner may raise any challenge to his conviction and sentence by seeking post-conviction relief in state court. Petitioner contends that because the Oklahoma Court of Criminal Appeals directed that the District Court of Oklahoma County convict Petitioner of soliciting child pornography, and because the Oklahoma Court of Criminal Appeals denied Petitioner's request for rehearing, that his interests cannot be vindicated in state court. Petitioner additionally notes that post-conviction relief is rarely granted by the Oklahoma Court of Criminal Appeals, and therefore the availability of post-conviction proceedings does not operate to protect his rights.

The Court disagrees. The existence of post-conviction relief provides Petitioner with an opportunity to raise the issues he seeks to present herein. The fact that post-conviction relief is subject to limitations does not render the forum inadequate. Accordingly, the Report and Recommendation is adopted in this regard.

Petitioner alternatively argues that the exception to the *Younger* doctrine is applicable herein, because convicting him of an allegedly lesser included offense violated his rights

under the Double Jeopardy Clause and the Due Process Clause. "The *Younger* abstention doctrine is inapplicable ... where irreparable injury can be shown." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 876 (10th Cir.2001). A threat to an individual's federally protected rights constitutes irreparable injury where the threat "cannot be eliminated by ... defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. The Tenth Circuit has concluded that abstention is unwarranted when the accused in a state criminal action presents a colorable claim that a forthcoming state trial will violate his double jeopardy rights. *Walck v. Edmondson*, 472 U.S. 1227 (10th Cir. 2007).

For double jeopardy purposes, a lesser included offense is considered to be the same crime as the greater offense. *See Harris v. Oklahoma*, 433 U.S. 682, 682-83 (1977). Thus, if the Oklahoma Court of Criminal Appeals had acquitted Plaintiff completely of lewd or indecent proposal to a child under sixteen, it could not have remanded the matter to the District Court for the imposition of judgment on a lesser included offense. In this case, however, the Oklahoma Court of Criminal Appeals found no evidence that Petitioner "ever proposed that L.P. engage in 'unlawful sexual relations or intercourse with any person.'" *Jackson v. State of Oklahoma*, Case No. F-2005-1285 (Okla.Crim.App 2007). The Oklahoma Court of Criminal Appeals found that despite the State's failure to prove an essential element of the crime charged, that the evidence established all of the essential elements of a lesser include offense. Whether an offense is a lesser included offense is an issue of state law, for decision by the Oklahoma courts. *See Hopkins v. Reeves*, 524 U.S. 88, 96-98 & n. 6 (1998); *Darks v. Mullin*, 327 F.3d 1001, 1008 (10th Cir. 2003). This scenario

is acceptable under the Double Jeopardy Clause. *See Anderson v. Mullin*, 327 F.3d 1148 (10th Cir. 2003).

In *Anderson*, the Court noted that the Supreme Court expressly left a "gap" in Double Jeopardy law "regarding the implications of prosecution for a lesser included offense following appellate reversal for insufficient evidence of the greater offense." *Id.* at 1157. In this case, the Oklahoma Court of Criminal Appeals' determination that the prosecution failed to present sufficient evidence to support a conviction for lewd or indecent proposal to a child under sixteen did not constitute a decision that the State failed to prove beyond a reasonable doubt the lesser included offense. Thus, the imposition of the conviction by the Oklahoma Court of Criminal Appeals, which was consistent with Oklahoma law and did not violate Petitioner's double jeopardy rights, and thus Petitioner is not entitled to avoid *Younger* abstention on this basis.

Petitioner also challenges the Oklahoma Court of Criminal Appeals' determination that soliciting child pornography is a lesser included offense of making lewd and indecent proposals to a child. Petitioner contends that he lacked notice that he could be held accountable for any alleged lesser included offense, in violation of his due process rights.

"It is generally accepted that a defendant has sufficient notice of an offense included within an indictment charging a more aggravated degree of that offense." *Bibbee v. Scott*, 201 F.3d 447 (10th Cir. 1999). Whether an offense is a lesser included offense is purely an issue of state law. *Malicoat v. Mullin*, 426 F.3d 1241, 1252 (10th Cir. 2005) ("Whether one state offense is a lesser-included offense of another offense is a question of state law.").

Accordingly, the Court cannot conclude on this basis that departure from *Younger* is required.

For the reasons set forth above, the Court concludes that abstention is necessary and the Report and Recommendation is ADOPTED IN ITS ENTIRETY. Petitioner asks the Court to retain this case as open pending any appeal and a decision on re-sentencing, in light of the limitations on second and successive petitions. This the Court cannot do, because a judgment is necessary to permit Petitioner to appeal, and there is no basis in this case for issuing an interlocutory judgment rather than a final one. Finally, in light of the above, the Court denies Petitioner's request for the appointment of counsel.[1] Respondent's motion to dismiss is hereby GRANTED, judgment shall be entered accordingly.

IT IS SO ORDERED this 23rd day of October 2008.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Actually, it appears to be counsels request for payment, given that no *pro se* filings have been made in this case.